IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSE WAYNE DIXON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 11-0641-WS-N |
| HUEY HOSS MACK, | ) ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

On November 14, 2011, petitioner filed a handwritten Motion (doc. 1) pursuant to 28 U.S.C. 2254 seeking habeas review of his state conviction. The court ordered (doc. 2) petitioner to refile his motion on the court's form and to either pay the $5.00 filing fee or complete and file a Motion for Leave to Proceed Without Prepayment of Fees ("IFP motion") no later than December 19, 2011. Plaintiff filed a partially-completed form IFP motion on December 14, 2011. Doc. 3. On December 19, 2011, the court again ordered (doc. 4) plaintiff to file a properly completed IFP form before January 9, 2012.

Plaintiff as now filed his IFP motion (doc. 7). In addition, he filed a document (doc. 6) styled "Motion for Leave to Proceed *in forma pauperis* and Motion to Proceed Without Prepayment of Fees and to Appoint Counsel." That document seeks none of the relief indicated in his title, but rather seeks an extension of time to complete his Rule 32 petition in the state court. He has not complied with the court's order requiring him to file an amended complaint on the court's form by the deadline of December 19 or at any time thereafter; the motion concerning his Rule 32 petition appears to be a late attempt to seek an extension of that deadline.

However, from the petitioner's motion, it appears that he has not yet exhausted his state remedies and thus that the instant habeas motion is premature. *See* Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982)(habeas relief unavailable until state remedies exhausted). Though the Supreme Court has stated that a district court may stay a pending petition brought under § 2254 pending exhaustion of the petitioner's state court remedies, Rhines v. Weber, 544 U.S. 269 (2005), it indicated that "stay and abeyance should be available only in limited circumstances." Id. at 277.[1] Petitioner has not made any showing which would justify a stay of the proceedings in this case.

Accordingly, it is hereby RECOMMENDED that the court DISMISS petitioner's habeas motion without prejudice to his right to refile his claim once the state court has completed consideration of his Rule 32 petition.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 5th day of January, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Specifically, the Supreme Court held that the district court should only grant such a stay where it finds good cause for the failure to exhaust those claims, and can not stay the petition where the unexhausted claims are plainly meritless. Id.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/